UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE THE ROMAN CATHOLIC BISHOP OF SAN DIEGO,
Debtor.

---

JANE CC ROE SD, by and through her guardian ad litem, Lisa Todd,
Creditor/Appellant,

v.

THE ROMAN CATHOLIC BISHOP OF SD,
Debtor/Appellee.

Case No.: 26-CV-3558 JLS (DDL)
Bankruptcy No.: 24-2202-CL11

**ORDER (1) DENYING WITHOUT PREJUDICE APPELLEE'S MOTION FOR ORDER AUTHORIZING APPELLEE TO EXCEED PAGE LIMITS AND (2) MODIFYING SCHEDULING ORDER**

(ECF No. 7)

Presently before the Court is Appellee The Roman Catholic Bishop of San Diego's Motion for Order Authorizing Appellee to Exceed Page Limits ("Mot.," ECF No. 7). For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Appellee's Motion and **MODIFIES** the Scheduling Order (ECF No. 2).

Appellee's brief may not exceed thirty pages without a certificate of compliance or a court order. Although the Local Rules limit briefs to twenty-five pages, CivLR 7.1(h), the Local Rules do not apply when they are inconsistent with rules specifically applicable to bankruptcy proceedings, *Id.* 1.1(c). The Federal Rules of Bankruptcy Procedure govern

the procedure in a United States district court, Fed. R. Bankr. P. 8001(a), and limit the length of Appellee's brief in opposition to thirty (30) pages, *Id.* 8015(a)(7)(A). There is an exception if the party files a certificate of compliance, *Id.* 8015(a)(7)(B), and courts must accept documents that comply with these rules, *id.* 8015(f). Courts may accept documents that do not meet the form requirements by local rule or order. *Id.*

Courts generally look with disfavor on motions to exceed page limits for briefs or memoranda; grants to exceed such limits are the exception. *See, e.g., Santos v. Baca*, No. 2:11-cv-01252-KJD-NJK, 2017 WL 773874, at *1 (D. Nev. Feb. 28, 2017). Excessive briefs are ill-advised considering the strains on judicial dockets and potential prejudice to the opposing party. *See Murray v. City of Bonners Ferry*, No. 2:15-cv-00081-REB, 2016 WL 3198232, at *2 n.3 (D. Idaho June 8, 2016). Moreover, excessive briefs "may actually hurt a party's case, making it 'far more likely that meritorious arguments will be lost amid the mass of detail.'" *Elec. Frontier Found. v. C.I.A.*, No. C 09-03351 SBA, 2012 WL 112359, at *1 (N.D. Cal. April 3, 2012) (quoting *Fleming v. Cnty. of Kane, State of Ill.*, 855 F.2d 496, 497 (7th Cir. 1988)). In contrast, shorter briefs are typically more helpful to the Court "because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them." *Id.* (quoting *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir. 1989)). Given the district court's inherent power to control their dockets, whether to grant leave to exceed the page limits set forth in the Civil Local Rules appears to be at the full discretion of the Court. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir.2008) (en banc) (noting also that "judges exercise substantial discretion over what happens inside the courtroom").

Here, Appellee seeks leave to file a brief in excess of the page limit imposed by the Civil Local Rules and the Federal Rules of Bankruptcy Procedure. Appellee does not explain why or to what extent they intend to exceed the thirty-page limit imposed by the Rules but seeks authorization from the Court "out of an abundance of caution." *Mot.* at ¶ 7. Without more substantial grounds, the Court will not exercise its discretion to grant leave to file excess pages. If there is good cause to exceed the page limit, Appellee may

submit a motion requesting authorization and explaining why additional pages are necessary.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Appellee's Motion (ECF No. 7). Given today's deadline for Appellee, the Court **MODIFES** the Scheduling Order (ECF No. 2) as follows: Appellee **SHALL SERVE AND FILE** its opposition brief and any supporting evidence on or before October 2, 2026. Appellant **MAY SERVE AND FILE** her reply brief and any supporting evidence, if any, on or before October 16, 2026.

**IT IS SO ORDERED.**

Dated: September 25, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge