UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE ROMAN CATHOLIC BISHOP OF SAN DIEGO,<br>Debtor.<br>———<br>JANE CC ROE SD, by and through her guardian ad litem, Lisa Todd,<br>Creditor/Appellant,<br>v.<br>THE ROMAN CATHOLIC BISHOP OF SD,<br>Debtor/Appellee. | Case No.: 26-CV-3558 JLS (DDL)<br>Bankruptcy No.: 24-2202-CL11<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEBTOR'S MOTION TO FILE DOCUMENTS UNDER SEAL AND (2) DENYING DEBTOR'S MOTION FOR ORDER AUTHORIZING APPELLEE TO FILE BRIEF AND SUPPORTING APPENDIX UNDER SEAL AS MOOT**<br><br>(ECF Nos. 11, 6) |

Presently before the Court is The Roman Catholic Bishop of SD's Motion to File Documents Under Seal ("Mot. to Seal," ECF No. 11) and Motion for Order Authorizing Appellee to File Brief and Supporting Appendix Under Seal (ECF No. 6). For the following reasons, the Motion to Seal is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. The motion for authorization to file the brief and supporting appendix under seal is **DENIED AS MOOT**.

## BACKGROUND

Creditor Jane CC Roe SD appeals the bankruptcy court order disallowing her claims against Debtor. ECF No. 1. The claims stem from alleged sexual abuse, breach of contract, elder abuse, and promissory estoppel. ECF No. 1-2 at 2. The bankruptcy court found Creditor waived her claims in a 2023 settlement agreement. *Id.*

As relevant to the present motion, the bankruptcy court entered an order requiring that every "pleading, paper, document or other entry filed into the record" shall be under seal or redacted to protect the "non-public names, contact information or other personal information of abuse claimants, potential abuse claimants, or those accused of committing or covering up abuse (excluding those individuals on the list of credibly accused maintained by Debtor)." Mot. to Seal at 3.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling

reasons" standard applies. *Id.* at 1096–98. Compelling reasons include when a court record might be used to "gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Id.* at 1097 (quoting *Nixon*, 435 U.S. at 598–99). When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

**DISCUSSION**

Debtor seeks leave to file its unredacted opposition brief and supporting appendix under seal to protect the non-public names and information enumerated in the bankruptcy court order. Mot. to Seal at 3. Debtor will also file redacted copies publicly. *Id.*

The Court finds the compelling reasons standard applies. The documents to be redacted are in opposition to Creditor's appeal and will determine the litigants' substantive rights. *See Ctr. for Auto Safety*, 809 F.3d at 1100.

The Court finds the Debtor has satisfied the compelling reasons standard to redact the non-public names and information laid out in the bankruptcy court order. The interest in protecting the identities of potential abuse victims and accused individuals not included on the "credibly accused" list is real and substantial. *See Church of Jesus Christ of Latter-Day Saints v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 182 F.4th 1278, 1282 n.1 (10th Cir. 2026). Further, the specific material to be redacted is names and contact information that will not determine substantive rights. *Ctr. for Auto Safety*, 809 F.3d at 1100 ("[I]n the First Circuit, the public has a right of access to 'material on which a court relies in determining the litigants' substantive rights' which are 'distinguished from those that relate[] merely to the judge's role in management of the trial and therefore play no role in the adjudication process.'") (quoting *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013)); *Doe I-XIX v. Boy Scouts of Am.*, No. 13-CV-00275-BLW, 2017 WL 9288099, at *9 (D. Idaho Nov. 20, 2017); *cf. Doe v. Syracuse Univ.*, 457 F. Supp. 3d 178, 205 (N.D.N.Y. 2020) (finding privacy did not outweigh the public's right of access when documents did not contain any identifying information besides the date of the assault).

/ / /

The Court finds the redactions in Debtor's Brief in Opposition justified under the compelling reason stated above. ECF Nos. 10, 12. However, Debtor's submitted Appendix redacts far more than names and contact information. Entire documents are redacted and many of the documents contain substantive material to the claims at issue beyond the sensitive information alleged. *See, e.g.,* ECF No. 12-1 at 13–25 (redacting in full Creditor's complaint in state court using fictitious names). Debtor must narrowly tailor its sealing request to balance the public's right to access with the compelling reasons for confidentiality. *See Foltz*, 331 F.3d at 1137 (finding it was an abuse of discretion to grant a motion to seal an entire document where the confidential information could have been redacted with minimal effort).

It may be that Debtor has compelling reasons for sealing the full documents in the appendix. However, they have failed to show any on the present motion.

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** Debtor's Motion to File Documents Under Seal (ECF No. 11) as to the redactions of non-public names, contact information, or other personal information of abuse claimants, potential abuse claimants, or those accused of committing or covering up abuse not on the list of credibly accused maintained by Debtor. The Clerk of Court **SHALL FILE** the lodged unredacted copy of Debtor's Brief in Opposition (ECF No. 12) under seal.

The Court **DENIES IN PART WITHOUT PREJUDICE** Debtor's Motion to File Documents Under Seal as to the remaining redactions of the Debtor's Appendix in Support. Debtor are **ORDERED** to file the Appendix in Support of Debtor-Appellee's Brief in Opposition on the public docket, without redactions, or file a renewed motion to file under seal stating the compelling reasons for redaction <u>on or before October 14, 2026</u>.

/ / /

/ / /

/ / /

/ / /

The motion for authorization to file the brief and supporting appendix under seal is **DENIED AS MOOT** (ECF No. 6).

**IT IS SO ORDERED.**

Dated: October 6, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge