UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE ROMAN CATHOLIC BISHOP OF SAN DIEGO,<br>Debtor.<br><br>JANE CC ROE SD, by and through her guardian ad litem, Lisa Todd,<br>Creditor/Appellant,<br>v.<br>THE ROMAN CATHOLIC BISHOP OF SD,<br>Debtor/Appellee. | Case No.: 26-CV-3558 JLS (DDL)<br>Bankruptcy No.: 24-2202-CL11<br><br>**ORDER DENYING WITHOUT PREJUDICE APPELLEE'S MOTION TO ACCEPT SUPPLEMENT TO RECORD UNDER SEAL**<br><br>(ECF No. 13) |

Presently before the Court is Debtor The Roman Catholic Bishop of SD's Motion to Accept Supplement to Record Under Seal (ECF No. 13). Having carefully considered the briefing and the law, the Court **DENIES WITHOUT PREJUDICE** Debtor's Motion.

**BACKGROUND**

As discussed in the Court's October 6, 2026, Order, this case is an appeal from bankruptcy court. ECF No. 15. The claims arise from alleged sexual abuse, breach of

contract, elder abuse, and promissory estoppel. *Id.* Already, Debtor sought, and was granted, permission to file documents under seal based on a bankruptcy court order protecting the names and personal information of alleged victims and other related parties. *See* ECF Nos. 11, 15.

Debtor filed the present motion seeking to file under seal the Reply to Opposition to Objection to Claim No. 20669 and Duplicated Claim No. 20670 (the claims at issue in this appeal).

**DISCUSSSION**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Accordingly, the 'compelling reasons' standard applies to Debtor's motion to seal the supplemental document, which is offered in support of Debtor's Brief in Opposition to

the appeal. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). That the documents sought to be filed under seal are subject to a protective order, without more, does not satisfy the compelling reasons standard. *Foltz*, 331 F.3d at 1136. The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Here, Debtor has not explained why the Reply brief in question supports the Brief in Opposition or what compelling reason justifies confidentiality. Although it is likely the reasons relate to protecting the personal information of victims and other parties, the Court declines to provide a *sua sponte* justification on Debtor's behalf. Thus, Debtor has not met its burden in establishing that compelling reasons to seal the documents in question sufficiently outweigh the public interest in access thereto.

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** the Motion to Accept Supplement to Record Under Seal (ECF No. 13). Should Debtor elect to refile a renewed motion, it should consider carefully what information meets the compelling-reasons standard necessary for sealing and make a specific showing of those reasons. The

/ / /

Court is not inclined to seal entire documents, unless the moving party makes the requisite showing to seal every portion thereof.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge